# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) |
| Appellee, | ) **C. C. A. NO. W1998-00690-CCA-R3-CD** |
| | ) |
| vs. | ) **MADISON COUNTY** |
| | ) |
| **LESTER COBLE,** | ) **No. 95-555, 96-305-306, 97-23** |
| | ) |
| Appellant. | ) |

**O R D E R**

**FILED**

**March 23, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

This matter is before the Court upon the state's motion to affirm the trial court judgment by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. The appellant is appealing the trial court's revocation of his probation. After a hearing on the matter, the trial court found that the appellant violated the terms and conditions of his probation by leaving the state without permission, using illegal controlled substances, failing to pay costs and fees, failing to report a new arrest, and missing several office visits, sex offender classes, and curfew checks, . The appellant and his probation officer testified at the hearing.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. § 40-35-311(e). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a de novo standard. State v. Harkins, 811 S.W.2d 79 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and

intelligent judgment, rather than acting arbitrarily. <u>Gregory</u>, 946 S.W.2d at 832; <u>State v. Leach</u>, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

Having reviewed the record in light of the appellant's argument, we find that the evidence fully supports the trial court's action. The appellant has simply failed to show how the trial court abused its discretion.

Accordingly, the state's motion is granted. It is hereby ORDERED that the judgement of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this appeal shall be assessed to the state.

_____
DAVID G. HAYES, JUDGE


_____
 JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE